1

2   PHILLIP A. TALBERT
    United States Attorney
3   STEPHANIE M. STOKMAN
    Assistant United States Attorney
4   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
5   Telephone:     (559) 497-4000
    Facsimile:      (559) 497-4099
6
7   Attorneys for Plaintiff
    United States of America

8

9              IN THE UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,            CASE NO.  1:19-CR-00253-DAD-BAM

                        Plaintiff,       STIPULATION REGARDING EXCLUDABLE
13                                       TIME PERIODS UNDER SPEEDY TRIAL ACT;
                    v.                   FINDINGS AND ORDER
14
    MICHELLE ZUBIA,                      DATE: August 9, 2022
15                                       TIME: 1:00 p.m.
                        Defendants.      COURT: Hon. Dale A. Drozd
16

17          On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

18  Eastern District of California "until further notice."  Further, pursuant to General Order 611, this Court's

19  declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

20  Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

21  judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders,

22  as well as the declarations of judicial emergency, were entered to address public health concerns related

23  to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27

28      [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

                                            1

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for Trial on August 9, 2022.

2.      By this stipulation, the government and defendant now moves to set the matter for jury trial on February 14, 2023, and to exclude time between August 9, 2022, and February 14, 2023, under Local Code T4.

3.      The parties further request that the matter be set for a trial confirmation hearing on January 23, 2023.

4.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes reports, photographs, and audio files. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to further review discovery, discuss potential resolution with his client and the government, and investigate and prepare for trial.

c)      A plea agreement has been provided to defense counsel.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 9, 2022 to February 14, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

1   T4] because it results from a continuance granted by the Court at defendants' request on the basis

2   of the Court's finding that the ends of justice served by taking such action outweigh the best

3   interest of the public and the defendants in a speedy trial.

4        5.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

5   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

6   must commence.

7        IT IS SO STIPULATED.

8

9   Dated:  April 27, 2022                        PHILLIP A. TALBERT
                                           United States Attorney

10

11                                         /s/ STEPHANIE M. STOKMAN
                                         STEPHANIE M. STOKMAN

12                                         Assistant United States Attorney

13

14  Dated:  April 27, 2022                        /s/ NICHOLAS REYES

15                                         NICHOLAS REYES
                                           Counsel for Defendant

16                                         MICHELLE ZUBIA

17  **ORDER**

18       Pursuant to the stipulation of the parties, the jury trial date of August 9, 2022 in this case is

19  vacated.  A trial confirmation hearing is now scheduled for January 23, 2023 at 8:30 a.m. and the jury

20  trial dates is continued and now scheduled to commence on February 14, 2023 at 8:30 a.m.  The time

21  from August 9, 2022 to February 14, 2023, inclusive, is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A),

22  B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request

23  on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best

24  interest of the public and the defendants in a speedy trial.

25  IT IS SO ORDERED.

26       Dated:  __May 5, 2022__                       _____

27                                         UNITED STATES DISTRICT JUDGE

28